WHEELOCK *vs*. WRIGHT.

1. A *certiorari*, to remove a judgment, rendered by a justice of the peace, into the Circuit or County Courts, is not grantable upon matters occurring subsequent to the rendition of such judgment.
2. But the election of a plaintiff, to file a statement in such case, and proceed to trial upon his original cause of action, after a motion to dismiss the *certiorari* has failed, is a waiver of his right to such dismissal, in error
3. In cases, removed from Justices' Courts, into the Circuit or County Courts, evidence is admissible, to prove, that an advance has been made to a defendant, upon a special contract to perform work, which he failed to discharge: and under such evidence, the amount advanced may be recovered.

This case originated upon a petition and mandate, for a *certiorari*, filed in the Circuit Court of Tuskaloosa. The petition disclosed, that some time previous to September, 1829, a judgment had been rendered against Wright, by a justice of the peace, in favor of Wheelock: that subsequently to the rendition of said judgment, a settlement took place, between the parties, in which this judgment was included. That one year or more, afterwards, the plaintiff had caused execution to issue upon the judgment, which had been levied upon the defendant's property. He averred the settlement of the judgment, as above stated ; and prayed *certiorari*, which was allowed.

When the cause came on to be heard, in the Circuit court, the plaintiff to the judgment, Wheelock, moved to dismiss the *certiorari;* which motion the court overruled. He then filed a statement, averring that the defendant was indebted to him, in the sum of forty-six

dollars, for goods sold and delivered; money had and received; money lent and advanced, and money paid and expended: and the defendant plead non-assumpsit, payment, and set-off.

In support of his claim, the plaintiff offered to read in evidence to the jury, a special contract, in writing, between the said plaintiff and defendant, whereby the latter undertook to serve the former, a certain period, for a specified sum of money; and, in connection therewith, proposed proving, that he had paid to the defendant, a certain sum of money in advance of the performance of his contract; and that the said defendant and failed to comply with it, and had left the employment of the plaintiff: also, that the contract had been rescinded — for which cause the plaintiff claimed the amount which he had paid.

The defendant objected to the admissibility of this proof, on the ground, that it was not proper under the issue joined; and moved to exclude it—which objection the Court sustained, and the proposed evidence was rejected.

The plaintiff then asked leave to amend his statement, which the Court refused to allow, but on terms. And a verdict and judgment were given for the defendant.

The plaintiff, having taken a writ of error, removed the cause here; and assigned, for cause of reversal—first, the refusal of the Court, to dismiss the certiorari; secondly, the rejection of the proposed evidence.

Stewart, for the plaintiff in error—Ellis and Shortridge, contra.

WHEELOCK *vs.* WRIGHT.

Error . . . . . . . . . . . . . . . . to the Circuit Court, by a *certiorari*, to a justice of the peace. The petition states, that judgment had been rendered in favor of Wheelock, and that, subsequently to the rendition of such judgment, a settlement had taken place between the parties, and Wheelock had given the petitioner a receipt in full. That no execution was sued out on the judgment against the petitioner, and the term of one year . . . . . . . . it was rendered.

In the Circuit Court, Wheelock moved to dismiss the *certiorari*, which was overruled. He then filed a brief statement of his cause of action, in the following words:

"Josephus Wheelock complains, that before the commencement of this suit, Silas Wright, defendant, was indebted to him, in the sum of forty-six dollars, for goods, &c. sold and delivered, &c.; money had and received; money lent and advanced, and money paid and expended; and, therefore, promised said plaintiff to pay the same, and therefore he sueth."

To which the defendant plead, in short, by consent, non-assumpsit, payment and set-off—on which pleas the plaintiff took issue.

On the trial, the plaintiff offered to prove, that there had been a contract, by which the defendant agreed to serve him, for a certain period of time, for stipulated wages; and, that he had paid the defendant, in advance; but that he had never performed the service: and, that the contract was rescinded.

The testimony was rejected by the Court, as inadmissible, under the issues; and a verdict and judgment were rendered against the plaintiff.

The errors relied on, are—first, the refusal to dis-

'miss the *certiorari*, on the motion of the plaintiff; and, secondly, rejecting the testimony offered.

The matter relied on, in the petition for the *certiorari*, occurred subsequent to the rendition of the judgment, by the justice of the peace, and afforded no ground of objection to the correctness of the judgment; at the time it was rendered—and was, therefore, according to the case of *Bobo and another* vs. *Thompson*,[a] decided at the last term of this Conrt, not a sufficient ground for the *certiorari*. This being the only ground on which it was prayed, it ought not to have been granted. The motion to dismiss should, therefore, have prevailed. But the plaintiff, after his motion to dismiss, was overruled, proceeded to file his statement of his cause of action, and elected to go to trial, on the original consideration. By so doing, we believe, he waived the objection that he had previously taken, to the sufficiency of the petition for a *certiorari*—and that it is now, unavailable.

[a] 3 Stewart & Porter, 385

We will proceed to the consideratian of the second error assigned.

In all cases of a trial *de novo*, of a cause brought into the Circuit, or County Court, from the judgment of a justice of the peace, whether by appeal or *certiorari*, the proceedings are not expected to be marked by technical nicety; and the boundaries of actions are not scrupulously observed. It is sufficient if an issue be formed on a substantial cause of action. This indulgence to proceedings commenced in Courts, not of record, is not only secured by our statute of jeofails, but it is also absolutely essential to the ends of justice, in such small causes.

It is not to be expected, that the distinctions, between debt, assumpsit, case or covenant, should be

known to those who are called on to fill the office of justice of the peace. We believe, however, that the testimony rejected by the Court below, ought to have been received, apart from the considerations suggested. If money has been paid on a contract, in advance, under the expectation that it will be fulfilled; but which the party to whom the payment is made, fails to perform in strictness—it could be recovered back, under the issue for money had and received. This was one of the issues between the parties; and we know no legal ground for rejecting the evidence offered.

The judgment must be reversed, and the cause remanded.